UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN SCHEUER, LLC, individually and on behalf of all similarly situated individuals<br><br>*Plaintiff*,<br>v.<br>S-L DISTRIBUTION COMPANY, INC.,<br>*Defendant.* | Civil Action No. 16-8783<br><br>ORDER |

**THIS MATTER** comes before the Court on Defendant S-L Distribution Company, Inc's ("S-L") motion to dismiss Plaintiff Jonathan Scheurer, LLC's ("Scheurer") Complaint. ECF No. 11. Plaintiff opposes the motion. ECF No. 13. For the reasons set forth below, the motion is **DENIED**:

1. This matter arises from S-L's termination of Scheurer as an S-L distributor in November 2012. Compl. ¶ 7, ECF No. 1.

2. S-L is a Delaware corporation and distributor of Snyder's-Lance snack foods. Id. ¶¶ 18-19. Scheurer is a New Jersey Corporation that entered into a Distributor Agreement with S-L, dated October 3, 2008. Id. ¶ 3. The Distributor Agreement granted Scheurer "the exclusive right to sell and distribute Authorized Products to Authorized Outlets within [the defined Territory]." Id. ¶ 24. Scheurer alleges that following a merger with Lance, Inc., "S-L notified numerous franchisees in New Jersey that their franchises were being terminated due to a system-wide restructuring of S-L's business" in the fall of 2011. Id. ¶¶ 54-55. In November 2012, Scheurer received a letter notifying it that S-L was terminating the Distributor Agreement "as a result of this same system-wide restructuring and not for any good cause." Id. ¶ 56.

3. Scheurer initiated this lawsuit on November 28, 2016, asserting claims for violations

of the New Jersey Franchise Practices Act ("NJFPA"), N.J.S.A. 56:10-1, et seq., Compl. ¶ 67-76.

4. S-L seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) failure to state a claim. S-L Br. at 6, ECF No. 13. Specifically, S-L contends that Scheurer has not alleged an NJFPA violation because Scheurer "did not maintain a place of business as defined by the NJFPA."[1] Id. at 14. The Court disagrees.

5. The NJFPA defines "place of business" as follows:

> [A] fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods or offers for sale and sells the franchisor's services. Place of business shall not mean an office, a warehouse, a place of storage, a residence or a vehicle, **except that with respect to persons who do not make a majority of their sales directly to consumers**, "place of business" means a fixed geographical location at which the franchisee displays for sale and sells the franchisor's goods or offers for sale and sells the franchisor's services, or an office or a warehouse from which franchisee personnel visit or call upon customers or from which the franchisor's goods are delivered to customers.

N.J.S.A. 56:10-3(f) (emphasis added).

6. Here, Scheurer has pled that it "operated out of a warehouse in Rockaway, New Jersey, from which [it] received shipments of S-L products for sale to retail outlets." Compl. ¶ 30. The Complaint alleges that Scheurer and members of the Class "do not make a majority of their sales directly to consumers," but instead "operate out of various warehouses in the State of New Jersey at which they receive shipments of S-L products from S-L for sale to retail outlets." Id. ¶ 31. Such allegations are sufficient to establish a "place of business." See McPeak v. S-L Distribution Co., Inc., No. 12-348, 2014 WL 320074, at *8 (D.N.J. Jan. 29, 2014) ("The allegation that Plaintiff and

---

[1] S-L does not dispute whether Scheurer has alleged the remaining elements of an NJFPA claim: (1) the existence of a "written agreement"; (2) the grant of a "license" by the franchisor to the franchisee; (3) a "community of interest" between the two parties; (4) over $35,000 in annual sales of the franchisor's products; and (5) that "more than 20% of the franchisee's gross sales are intended to be or are derived from" the franchise. N.J.S.A. 56:10-3–10-4. As such, the Court does not address these elements here.

other similar distributors 'received shipments of Snyder's-Lance products from S-L for sale to retail outlets' at the warehouse is sufficient to satisfy the statutory requirement of a 'warehouse . . . from which the franchisor's goods are delivered to customers.'").[2]

7. Therefore, Scheurer's NJFPA count cannot be dismissed for failure to state a claim at this time.

8. S-L next asserts that Scheurer's claims are time-barred pursuant to the one-year statute of limitations contemplated by the Distributor Agreement. Scheurer counters that Class Action tolling saves its claims. The Court agrees with Scheurer.

9. In general, the "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." City Select Auto Sales, Inc. v. David Randall Assocs., No. 11-2658, 2012 WL 426267, at *3 (D.N.J. Feb. 7, 2012) (citing Crown, Cork & Seal Co., Inc.

---

[2] S-L argues that a warehouse does not satisfy the "place of business" requirement under NJFPA because direct sales to consumers were not made from the location. Def.'s Br. at 11-16. However, this argument overlooks the plain language of the statute, which provides an exception for warehouses "who do not make a majority of their sales to consumers." N.J.S.A. 56:10-3(f). In such cases, to qualify as a place of business, the warehouse must be a fixed geographical location from which the franchisee provides goods and services to customers.

Moreover, the cases that S-L cites to support its proposition are misplaced. As an initial matter, several of these cases were decided before the NJFPA was amended in 2010 to include the above wholesale distributor exception. See Fischer Thompson Beverages, Inc. v. Energy Brands Inc., No. 07-4585, 2002 WL 3349746, at *3 (D.N.J. Nov. 9, 2007) (holding that only a sales location offering direct sales to customers qualifies as a "place of business"); Liberty Sales Assocs., Inc. v. Dow Corning Corp, 816 F. Supp. 1004, 1009 (D.N.J. 1993) (finding that a residential office/warehouse did not constitute a qualifying place of business where it was "just an office and storage area for customers' orders."). The cited post-2010 cases are also unavailing because plaintiffs there did not allege that they sold products to customers from the disputed warehouses. See Ocean City Exp. Co., Inc. v. Atlas Van Lines, Inc., 46 F.Supp.3d 503, 508, n.2 (noting that plaintiff did "plead facts sufficient to determine whether it makes the majority of its sales directly to consumers, and thus it does not qualify for the exception."); Watchung Spring Water Co. v. Nestle Waters North Am. Inc., 588 Fed. App'x 197, 198 (3d Cir. 2014) (same).

v. Parker, 462 U.S. 345, 353-54 (1983)). Such tolling remains in effect "until the propriety of maintaining the suit as a class action is determined." Leyse v. Bank of America, N.A., 538 Fed. App'x 156, 161 (3d Cir. 2013) (noting that "it does not matter, under federal law, whether the first suit's status . . . ends by choice of the plaintiff . . . or by choice of the judge") (internal citations omitted).

10. A prior putative class action against S-L was filed in this Court on January 19, 2012, alleging NJFPA violations. See Complaint, McPeak v. S-L Distributors, No. 12-0348, (D.N.J.) ("McPeak"), ECF No. 1.[3] Scheuer was a putative class member of that suit. McPeak was dismissed pursuant to a "Joint Stipulation of Dismissal With Prejudice" filed on January 11, 2016.[4] See Stipulation dated Jan. 11, 2016, McPeak, ECF. No. 106. The instant matter commenced on November 28, 2016, well within the one-year limitations period. Accordingly, Scheurer's claims are not time-barred.

11. S-L contends that the action should be dismissed, or in the alternative, transferred to a

---

[3] Scheurer argues that the limitations clause provided for in the Distributor Agreement does not apply to this action because the clause does not apply to statutory claims. Opp'n at 16-20. The Court does not need to resolve this issue because it finds that Scheurer's NJFPA claims are not barred by the one-year statute of limitations advanced by S-L.

[4] S-L asserts that class action tolling expired on November 24, 2015, the date on which a 60 day dismissal order was entered in McPeak. See Order dated Nov. 24, 2015, McPeak, ECF No. 105. This is unavailing. The November 24th Order provided that the action "is hereby dismissed without costs and without prejudice to the right, upon good cause shown, within 60 days, to reopen tis action if the settlement is not consummated." Id. Such language does not indicate that the suit was no longer a class action. The Order made it clear that the case was subject to be reopened. Indeed, the Third Circuit has recognized in other contexts that such an order does not become final until the 60-day period has passed. See Longo v. First Nat'l Mtg. Sources, et al., 523 Fed. App'x 875, 877 (3d Cir. 2013) (holding that the District Court's order dismissing plaintiffs' claim for fraud "upon good clause shown within 60 days to reopen the action if settlement was not consummated" was not final for purposes of appeal until the 60 day period had expired). In the January 11, 2016 Stipulation, the parties agreed to "stipulate to the dismissal of this action, and all claims set forth therein, in its entirety, with prejudice and waive all rights to appeal." McPeak, ECF No. 105. The two orders, when read in conjunction, therefore indicate the parties' intent for the class to be dismissed on January 11, 2016.

federal court in Pennsylvania, pursuant to the Distributor Agreement's forum selection clause. The Court again disagrees.

12. Forum selection clauses are presumptively invalid in an agreement subject to the NJFPA. See Kubis & Persyzk Assoc., Inc. v. Sun Microsystems, Inc., 146 N.J. 176, 195 (1996) (holding that "forum selection clauses in franchise agreements are presumptively invalid, and should not be enforced," as enforcement would "frustrate [the] legislative purpose" "to level the playing field for New Jersey franchisees and prevent their exploitation by franchisors with superior economic resources").

13. As neither party has provided additional reasons in support of and in opposition to transfer pursuant to 15 U.S.C. § 1404, transfer is not appropriate at this time.

**ORDERED** that Defendant S-L Distribution Co.'s motion to dismiss, ECF No. 11, is **DENIED**; and it is further

**ORDERED** that Defendant's arguments for dismissal and transfer may be renewed at a later time.

**Dated: August 25, 2017.**

s/ *Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**United States District Judge**
